OPINION
Nakia Tucker, defendant-appellant, was indicted on four counts of attempted murder based upon an April 2000 incident in which it was alleged that shots were fired by appellant at an automobile that contained four young women. Appellant was also indicted on four lesser offenses of felonious assault stemming from the same incident, as well as a single count of having a weapon under disability. Each count of the attempted murder and felonious assault charges contained a firearm specification.
The case was tried before a jury. At the conclusion of the state's case, the trial court granted appellant's Crim.R. 29 motion to dismiss the weapon under disability charge. After submission to the jury, the jury found appellant not guilty of the four counts of attempted murder and guilty of the four counts of felonious assault. The jury also found appellant guilty of using a firearm during the commission of these offenses.
The trial court sentenced appellant to consecutive terms of two years for each of the four counts of felonious assault and a term of three years for the firearm specification, ordering that all terms be served consecutively.
Appellant appeals, asserting the following assignments of error:
 I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BECAUSE COUNSEL FAILED TO TIMELY OBJECT TO THE INTRODUCTION OF INADMISSIBLE EVIDENCE AND ELICITED TESTIMONY THAT WAS HIGHLY DAMAGING AND UNFAIRLY PREJUDICIAL.
 II. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE TERMS OF INCARCERATION.
Katrina Gregory, age eighteen, and three girlfriends, ages sixteen to nineteen, went to a restaurant known as BW-3 in Gahanna, Ohio. The automobile was driven by Erica Parks, age nineteen. While they were there, appellant, a boyfriend of Katrina, came to their table. He was upset with Katrina because she was partying that late in the evening and showed them a silver .25 caliber handgun that apparently he had tucked into his sock. Later, an argument ensued between appellant and Katrina, and according to two of the girls, appellant told them they should leave or he would shoot their car tires. They thought he was kidding. However, when the girls pulled out of the parking entrance, they saw appellant approaching from behind the car. Two of the girls testified that they saw him in the rearview mirror pointing a gun toward them. There were three or four shots. They pulled away to a neighborhood where they could stop and look at the rear of the automobile. The girls noticed a bullet lodged in the rear bumper and a hole above the license plate. They used a cell phone to call the Columbus police who referred them to the Gahanna police department because of the location of the restaurant. Four shell casings were recovered from the parking lot as well as a bullet from the rear bumper of the automobile. An expert from the Bureau of Criminal Investigation testified that all the shell casings were .25 caliber bullets. Neither of the bullets that struck the car were able to penetrate into the vehicle. Appellant did not present any evidence.
In appellant's first assignment of error he claims he was denied effective assistance of counsel because his trial counsel failed to timely object to the introduction of inadmissible evidence and he himself elicited testimony that was highly damaging and unfairly prejudicial.
In order to establish appellant has been denied effective assistance of counsel, a defendant must show (1) his trial counsel's performance fell below an objective standard of reasonable representation, and (2) he was prejudiced by such performance. Strickland v. Washington (1984),466 U.S. 668. To establish prejudice, a defendant must demonstrate there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136. In State v. Lytle (1976), 48 Ohio St.2d 391,396-397, the Ohio Supreme Court further developed the standard establishing a denial of a defendant's claim of ineffective assistance of counsel, stating as follows:
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
We find that appellant has failed to establish either of the two-prongs of the Lytle test.
Defense counsel has the duty to represent his client effectively, not to perform miracles. Given the evidence in this case, the best possible result for appellant would seem to be not guilty of attempted murder and guilty of the remaining four charges of felonious assault committed by use of a firearm. We come to that conclusion because, despite the best efforts of appellant's counsel both at trial and on appeal to convince objective hearers to the contrary, the testimony of the four victims of the crime was consistent except for minor details and was clearly stated. None of the girls were shown to have any grievance, other than what might have been caused by the incident herein, against appellant. In fact, Katrina visited appellant at jail and was quite reluctant to testify against him. Katrina testified that appellant asked her not to testify and to convince her friends not to testify against him. The owner of the automobile insisted on calling the police. She was sure that appellant fired the shots. While trial was pending, she testified appellant called her and told her not to testify and that he would get the car fixed. Katrina had possession of the .25 caliber gun for a while when she was living with appellant and identified it. Although the gun was not found, the bullets all came from a .25 caliber gun.
Appellant complains of defense counsel's conduct in regard to several things that occurred at trial. The first complaint is that the prosecutor made an objectionable statement in his opening statement that was not objected to by defense counsel. The statement was as follows: "Now there aren't going to be a whole lot of issues in this case. The case primarily is about allowing the defendant to exercise his right to have a jury trial in front of his peers." (Tr. 24.) As stated before, there was no objection to this statement. The trial court, as usual, instructed the jury that opening statements are not evidence. To demonstrate that the failure to object was trial strategy of defense counsel, we look to his closing argument when he stated as follows: "When the case started, Mr. Domis [the prosecutor] in his opening statement, said something that kind of bothered me. He said this is him just exercising his right to a trial. Now, to a defense attorney that's a pretty big slap in the face. I mean, that's like saying something bad about somebody's mom, to the defense attorney. It's like we're wasting you guys time." (Tr. 327- 328.)
Obviously defense counsel made note of the statement when it was made and elected not to object but to attempt to get some mileage out of it in closing argument. Failure to object by reason of legitimate trial strategy does not constitute ineffective assistance of counsel.
Appellant also argues on appeal that defense counsel was ineffective for asking questions that resulted in more damaging testimony. While that was true, it simply demonstrated that a desperate situation calls for desperate means. Defense counsel was trying to show jealousy on the part of Katrina, giving a motive for adverse testimony against appellant because he had a relationship with another woman who had had his baby. When Katrina had testified about the gun, defense counsel asked her why she gave the gun back to appellant. Unexpectedly to defense counsel, he got the answer that appellant "wanted to hit a lick which means robs somebody." Obviously, defense counsel was attempting to admit some favorable statements from Katrina who apparently still expressed love for appellant, but instead she told the truth when she had elected to testify and the truth was unfavorable to appellant.
Counsel on appeal fails to point out the excellent trial work performed by defense counsel. Defense counsel's efforts to convince the jury that the shots were not intended to hit the girls, but only to hit the car, were quite effective and resulted in a conviction of felonious assault rather than attempted murder, which as previously stated, appeared to be the best possible result for appellant. Defense counsel's representation must be viewed as a whole. As a whole, his representation was not ineffective. Appellant fails the first prong of the Lytle test.
Appellant also fails the second part of the Lytle test. Even if appellant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness. There was no prejudice in this case because the evidence overwhelmingly demonstrated, even in the absence of any evidence admitted that could have been successfully objected to, that appellant was guilty of the counts of which he was convicted.
Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends the trial court erred in imposing consecutive terms of incarceration because the sentence failed to comply with the requirements of R.C. 2929.14(E). Appellee agrees the trial court did not make all the required findings prior to imposing consecutive terms and also made factual errors in the findings. We agree with the concession of appellee.
The trial court made the following findings in imposing sentence: "[t]he victim suffered serious physical, psychological or economic harm and the offender held a position of trust, and the offense was related to that position of trust, making the offense more serious; that recidivism is likely, in that there were prior adjudications of delinquency or history of criminal convictions, failure to respond favorably in the past to probation or parole, failure to acknowledge patterns of drug or alcohol abuse relating to this offense, no genuine remorse, making recidivism likely." (Tr. 377-378.) The first part of these findings is not supported by the evidence. There was no evidence that any person suffered serious physical, psychological, or economic harm. No witnesses raised these matters at trial and there was nothing else in the record suggesting such harm prior to sentencing. In addition, appellant did not hold "a public office or position of trust" where the offense was "related to office or position." Appellant and Katrina were dating. There was no pre-sentence investigation and the findings as to appellant's previous conduct did not appear to be supported by the record.
Finally, the court failed to make findings that are required by R.C.2929.14(E)(4) before consecutive terms of imprisonment can be imposed.
Appellant's second assignment of error is sustained.
Having overruled appellant's first assignment of error, but having sustained appellant's second assignment of error, we affirm in part and reverse in part the judgment of the trial court and remand to the trial court for re-sentencing.
BOWMAN and PETREE, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.